## 7515

### HAINES & BISHOP v. WILSON.

1. STRIKING OUT ANSWER.—The answer here sought to be stricken out as frivolous is clearly not so, as it sets up new matter by way of defense or counterclaim which presents an issue for trial.

2. ATTORNEYS.—CONTRACT here between attorney and client construed to mean that for a certain consideration therein expressed the attorney agreed to sue the note to judgment and exhaust the process of execution and services rendered thereafter by authority from client in other litigation with reference to the judgment were outside of the contract and no compensation having been agreed on for them, it was proper to submit the value thereof to the jury.

Before WILSON, J., York, December, 1907. Affirmed.

Action by Haines & Bishop against W. B. Wilson. From judgment for defendant, plaintiffs appeal.

*Messrs. Dunlap & Dunlap,* for appellants, cite: *Answer is frivolous:* 27 S. C., 164; 6 S. C., 113. *Defendant should not be allowed to construe his own contract:* 46 S. C., 229.

*Mr. J. E. McDonald,* contra. No citations.

March 22, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. The plaintiffs are commission merchants doing business in the city of New York, and the defendant is engaged in the practice of law in York county. On the 14th day of January, 1899, plaintiffs placed in the hands of defendant for collection a note against the Rock Hill Cotton Factory Company, endorsed by A. E. Hutchinson and D. Hutchinson, for about eight thousand dollars, under a written agreement providing for commissions for collection in these words: "If without suit, five per cent. on first $1,000 and three per cent. on excess; if suit is necessary, ten per cent on first $1,000 and five per cent. on excess." These facts were admitted by defendant. In

addition to the foregoing, the complaint alleged that defendant made sundry collections upon said note aggregating $7,189.12, upon which defendant was entitled to commission amounting to $409.12, and that defendant has accounted to plaintiff for $4,529.72, and that defendant still owes plaintiff upon said collection $2,249.94, with interest from February 9th, 1905.

The defendant denied his liability as claimed, and alleged the following by way of defense:

1. "That under the agreement set forth in said complaint, defendant obtained judgment in favor of Haines & Bishop against the Rock Hill Cotton Factory Company, A. E. Hutchinson and D. Hutchinson, in the sum of $7,988.98 and costs, and he subsequently collected on said judgment from the estates of A. E. Hutchinson and the Rock Hill Cotton Factory Company the aggregate sum of two thousand three hundred and ninety-nine and 03-100 dollars, and upon this collection he only charged a commission of ten per cent. on the first one thousand dollars, and five per cent. on remaining sum of ($1,399.03) thirteen hundred ninety-nine and 03-100 dollars, aggregating one hundred and sixty-nine 95-100 dollars.

2. "That defendant, by services rendered in behalf of plaintiffs, outside of the case of *Haines & Bishop* v. *Rock Hill Cotton Factory Company, A. E. Hutchinson and D Hutchinson,* and not in contemplation at the time said claim was put in the hands of this defendant for collection, and subsequently thereto, especially in the matters of A. E. Hutchinson, bankrupt (involving the setting aside of a mortgage, over two thousand dollars, given by A. E. Hutchinson to the Rock Hill Real Estate and Loan Company and other mortgages and conveyances, resulting in the Rock Hill Real Estate and Loan Company agreeing to purchase said judgment of *Haines & Bishop* v. *Rock Hill Cotton Factory Company et al*), and in subsequent litigation, involving the legality of said sale, brought by Jennie E. Hutchinson, in

behalf of herself and other stockholders of the said Rock Hill Real Estate and Loan Company, against the said Rock Hill Real Estate and Loan Company, Haines & Bishop *et al.,* involving much labor, time and expense on his part, succeeding in making for the plaintiffs the further sum of four thousand seven hundred ninety and 09-100 dollars over and above the amounts collected from the estates of the Rock Hill Cotton Factory Company and A. E. Hutchinson, and so much over and above the per centum received by the other general creditors of the said Rock Hill Cotton Factory Company and A. E. Hutchinson, but in order to secure and make said additional sum of four thousand seven hundred ninety and 09-100 dollars, this defendant was further compelled personally, on his own account, to bid up the real estate belonging to the estate of A. E. Hutchinson, whereby there . fell to him in the required purchases real estate to the amount of some eight thousand dollars at defendant's own risk.

3. "That the services rendered by this defendant in said litigation, outside of the case of *Haines & Bishop* v. *Rock Hill Cotton Factory Company et al.,* were reasonably worth $2,395.04, being 50 per centum of the said sum of four thousand seven hundred ninety and 09-100 dollars, so saved and made for the plaintiffs thereby.

4. "That this defendant had, before the commencement of this action, remitted to the plaintiffs the aggregate sum of four thousand five hundred twenty-nine and 72-100 dollars, and after deducting the amounts due him for his commissions and services aforesaid, to wit: the aggregate sum of twenty-five hundred sixty-four and 99-100 dollars, there is still due to the plaintiffs by the defendant the sum of ninety-four and 41-100 dollars, which he has always stood ready and is still ready to pay to plaintiffs, but the plaintiffs have refused and still refuse to receive the same in settlement of the amount due them.

"Wherefore, the defendant demands judgment, that he be allowed to pay in Court the said sum of ninety-four and 41-100 dollars in settlement of plaintiffs' claim, and such other and further reliefs as may be proper."

The jury gave a verdict in favor of the plaintiffs for the amount above admitted to be due by defendant, less five dollars, which plaintiffs admitted defendant should have credit for.

Plaintiffs appeal, and their first contention is that the defendants' answer above quoted should have been stricken out as frivolous. The answer is clearly not frivolous, as it states new matter by way of defense or counterclaim, which presents an issue for trial. *Badham* v. *Brabham,* 54 S. C., 402, 32 S. E., 444.

The second, third and fourth exceptions allege error (1) in allowing the following questions to be propounded to the defendant and the following answers to be given by him: Q. "Was that collection under the contract, or collected under the subsequent proceeding after that proceeding was ended? A. Entire collected subsequent to the ending of that contract."

(2) Q. "Now, what is your opinion as an attorney; do you consider your services as an attorney reasonably worth, considering all that you have stated about the subsequent litigation in the United States Court and the litigation to remove R. Lee Kerr, receiver, the case of Jane E. Hutchinson appealed from referee to the Circuit Court and then to the Supreme Court, and from the fact that none of the other creditors of the Rock Hill Cotton Factory Company and A. E. Hutchinson got anything? A. Well, sir, I looked upon the matter as mere salvage. It was money that I got for them that none of the other creditors of A. E. Hutchinson got, and I think his debts amounted to about eighty thousand. I thought I was entitled to 50 per cent., one-half of the recovery."

(3) Q. "Mr. Wilson, do you remember what your expenses would amount to? Can you give the jury some idea? A. I can't say, but I simply estimated my expenses were mighty nigh, not quite, probably, but mighty nigh equal the amount of the fee they wanted to pay me. Q. The fee they wanted to pay you is four hundred and ninety and some odd dollars? A. My expenses would not amount to that, but one-third of that would have to go to J. J. Vause."

The contention is that the foregoing testimony with reference to subsequent services and their value, was irrelevant and incompetent since the written contract specified the fee for collection.

In connection with these exceptions we may consider the fifth and last exception, which after quoting a long extract from the charge to the jury in which the Court in effect instructed the jury that the contract originally entered into would not cover services rendered defendant in the subsequent independent suits, after putting the claim into judgment and exhausting the process of execution thereunder, unless there was some evidence in the case going to show otherwise, and if there was no such evidence the jury could allow defendant what his subsequent services were worth.

The appellants' contention is that this charge was erroneous in view of the contract which specifically states the amount of commissions for collection.

We think there was no error in these rulings.

The fallacy in appellants' case is in assuming that the original contract embraced every service rendered by defendant after exhausting execution in the case of *Haines & Bishop* v. *Rock Hill Cotton Factory Company, A. E. Hutchinson and D. Hutchinson,* the suit on the note. The written contract only contemplated one suit, the above suit for collection.

Ordinarily the authority of the attorney ends when the judgment is obtained and he can do no more than receive the money and acknowledge satisfaction. *Treasurer* v. *McDow-*

*ell,* 1 Hill, 184; *Strickland* v. *Capital City Mills,* 74 S. C., 25, 54 S. E., 220, 7 L. R. A. (N. S.), 426 n.

When defendant recovered all that he could by levy and sale under the execution he was not required to do more by the original contract.

He had no authority, by virtue of that contract, or by virtue of his original employment, to bring any suit except the suit upon the note. It was not disputed or suggested that the subsequent suits were brought without due authority or ratification of plaintiffs.

As to defendant's compensation in the subsequent suits, there was no express contract. Hence it was proper to submit to the jury what defendant's services were reasonably worth.

The judgment of the Circuit Court is affirmed.